J-S63031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ROBERTO  MORALES | |
| Appellant | No. 39 EDA 2014 |

Appeal from the PCRA Order December 13, 2013
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): CP-51-CR-0001695-2008

BEFORE: FORD ELLIOTT, P.J.E., SHOGAN, J., and FITZGERALD,[*] J.

MEMORANDUM BY FITZGERALD, J.:          **FILED FEBRUARY 28, 2017**

Appellant, Roberto Morales, appeals from the order entered in the Philadelphia County Court of Common Pleas denying his amended Post Conviction Relief Act[1] ("PCRA") petition as meritless.  Appellant argues that the PCRA court erred in refusing to hold an evidentiary hearing concerning whether Appellant's trial counsel was ineffective for failing to honor Appellant's request to file a direct appeal.  For the reasons articulated below, we vacate the order dismissing Appellant's amended PCRA petition and remand this case for further proceedings.

The PCRA court summarized the evidence in this case as follows:

> At approximately 11:40 p.m. on November 2, 2006, the police pulled over [Appellant] for driving his commercial box truck without working brake lights, and for making a

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-46.

turn without using his turn signal. The officers approached the vehicle and asked [Appellant] for his identification, at which point he produced an identification card from Puerto Rico with a false name of Jose Romero. Opening the driver's side door of the truck, police observed a white Ziploc packet containing crack cocaine sitting on [Appellant's] lap. The officers removed [Appellant] from the truck and observed another plastic bag on the floor of the truck near [his] feet. This bag contained seventeen (17) baggies of crack cocaine. The officers also recovered a fanny pack from the cab of the truck containing forty (40) packets of crack cocaine, forty–eight (48) methadone tablets, nineteen (19) bundles of heroin packets containing a total of two hundred and sixty-seven (267) packets of heroin, along with $1,155 in cash.

PCRA Ct. Op., 6/24/14, at 2-3 (record citations omitted).

Appellant was charged with various drug-related offenses. On April 22, 2008, following a bench trial, the trial court found Appellant guilty of possession of a controlled substance,[2] possession of a controlled substance with intent to deliver[3] and possession of drug paraphernalia.[4] On March 24, 2009, the trial court sentenced Appellant to seven to fourteen years' imprisonment, which it noted was the mandatory minimum for Appellant's

---

[2] 35 P.S. § 780-113(a)(16).

[3] 35 P.S. § 780-113(a)(30).

[4] 35 P.S. § 780-113(a)(32).

crime.[5]  N.T., 3/24/09, at 4.  Appellant did not file post-sentence motions or a direct appeal.

On June 22, 2009, Appellant timely filed a *pro se* PCRA petition claiming that trial counsel was ineffective for failing to file a direct appeal on his behalf.  PCRA Pet., 6/22/09, at 3.   The PCRA court appointed counsel, who filed an amended PCRA petition on January 24, 2012 claiming, *inter alia*, that trial counsel was ineffective for failing to file post-sentence motions[6] or to honor Appellant's request to file a direct appeal.  Am. PCRA Pet., 1/24/12, ¶¶ 3, 4.  With regard to the latter claim, PCRA counsel wrote that Appellant "requested an appeal of his case.  He did not understand the legal distinction between post[-]sentence motions and a notice of appeal.  However, i[t] is clear that [Appellant] requested such a hearing on his behalf."  *Id.*, ¶ 10.

On February 8, 2013, the Commonwealth filed a motion to dismiss the amended PCRA petition.   The Commonwealth disputed Appellant's contention that he had requested trial counsel to file an appeal:

> [I]n [two] certifications dated March 3, 2011 and October 14, 2011, which were signed by [Appellant], [Appellant] states only that he requested the filing of post[-]sentence

---

[5] Presumably, the trial court was referring to 18 Pa.C.S. § 7508, which prescribes mandatory minimum sentences for certain drug-related offenses, including possession with intent to deliver a controlled substance.

[6] In this appeal, Appellant no longer claims that trial counsel was ineffective for failing to file post-sentence motions.  He only contends that counsel was ineffective for failing to file a direct appeal.

> motions. [Appellant's] certification says nothing about [Appellant] requesting that counsel file an appeal. Indeed, the pre-prepared certification forms denote "Filing of Notice of Appeal to Superior Court" as one of the choices which [Appellant] could have selected from a checklist of actions supposedly requested by him of prior counsel. [Appellant] specifically did <u>not</u> make that selection on either form—that is, he did <u>not</u> select the checkbox which would indicate that he requested counsel to file an appeal.

Cmwlth. Mot. To Dismiss, 2/8/13, at 6-7 (emphasis in original). The Commonwealth attached the two certifications as exhibits to its motion to dismiss.

On November 8, 2013, the PCRA court entered a Pa.R.Crim.P. 907 notice of intent to dismiss the amended PCRA petition without a hearing. The notice stated that the court intended to dismiss the petition because "the issues raised in the [amended PCRA] petition are without merit." **Id.** The notice did not mention any deficiencies in Appellant's certifications.

Appellant filed a *pro se* response in opposition to the Rule 907 notice on December 2, 2013. On December 13, 2013, the PCRA court dismissed Appellant's amended PCRA petition. This timely appeal followed.[7]

---

[7] During this appeal, we have remanded this case four times to the PCRA court. The first remand was in response to Appellant's motion in this Court to represent himself on appeal. We remanded the case for a hearing under **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), concerning whether Appellant knowingly, intelligently and voluntarily waived his right to appellate counsel. The PCRA court held that Appellant was entitled to represent himself on appeal *pro se*. The second remand was for the PCRA court to prepare an opinion addressing the issues that Appellant raised in his *pro se* statement of issues complained of on appeal. The third remand took place because Appellant, in an apparent change of heart, requested the

- 4 -

Appellant raises two issues in this appeal:

1. Did the PCRA court commit an abuse of discretion by denying a hearing on Appellant's claim alleging that trial counsel was ineffective for failing to file a direct appeal?

2. Are the mandatory sentences imposed upon [Appellant] illegal pursuant to *Alleyne v. United States*[, 133 S.Ct. 2151 (2013)]?

Appellant's Brief, at 4.

Appellant first argues that the PCRA court abused its discretion in denying his PCRA petition without an evidentiary hearing, because a question of fact exists as to whether Appellant's attorney disregarded his request to file a direct appeal. As discussed in footnote 9, *infra*, resolution of this issue will affect whether Appellant has the right to seek relief under *Alleyne*, the second issue in this appeal.

Appellant argues:

---

appointment of counsel to represent him on appeal. We remanded the case for the PCRA court to decide Appellant's request. The PCRA court denied Appellant's motion for appellate counsel. Appellant filed a motion for reconsideration in this Court, and we ordered the PCRA court to appoint counsel for Appellant. The PCRA court appointed appellate counsel, who filed a motion in this Court for a fourth remand so that he could file a supplemental statement of matters complained of on appeal in the PCRA court. On September 16, 2015, we remanded the case for a fourth time, granted counsel leave to file a supplemental statement of matters complained of on appeal, and directed the PCRA court to file a supplemental opinion addressing the issues raised in the supplemental statement. On October 14, 2015, counsel filed his supplemental statement, and on March 1, 2016, the PCRA court filed a supplemental opinion.

[Appellant], in his *pro se* petition, and appointed PCRA counsel, in her amended petition, both asserted that [A]ppellant had asked [trial] counsel to file a direct appeal and that counsel failed to file one. Despite these averments, the PCRA [c]ourt denied him a hearing based on two certificates [A]ppellant submitted *pro se*. This was error because, as PCRA counsel explained, [A]ppellant was confused about the law and believed that by indicating that he asked [trial] counsel to file post-sentence motions, he also was claiming that counsel was ineffective for not filing a requested direct appeal.

Appellant's Brief at 13-14.

The PCRA court reasoned with regard to this issue:

[T]he record refutes that [Appellant] asked his [trial] counsel to file a direct appeal. On March 3, 2011 and October 14, 2011, [Appellant] signed certifications regarding what he asked his attorney to file for him. Although "Filing of Notice of Appeal to Superior Court" was an option for [Appellant] to check, [Appellant] only checked "Filing of Post[-]Sentence Motions." Additionally, defendant's Supplemental Amended Petition for PCRA Relief states that [Appellant] requested an appeal, but the supplemental petition does not allege any facts as to when he requested that his attorney file an appeal. . . [Appellant] has the burden of proving that he asked his attorney to file an appeal. . . The supplemental amended petition also alleges that [Appellant] did not understand the distinction between [post-sentence] motions and a notice of appeal. However, on his October 14, 2011 certification, [Appellant] stated that he directed his attorney to file [post-sentence] motions during sentencing. However, the notes of testimony for sentencing do not indicate that [Appellant] asked his counsel to file [post-sentence] motions or to appeal his sentence.

PCRA Ct. Op., 3/1/16, at 4-5. We conclude that relief is due.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are

supported by the record and without legal error." ***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1267 (Pa. 2008) (citation omitted). When a PCRA petitioner alleges ineffective assistance of counsel, counsel is presumed to have provided effective representation unless the petitioner pleads and proves that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his or her conduct; and (3) the petitioner was prejudiced by counsel's action or omission. ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014). "In order to meet the prejudice prong of the ineffectiveness standard, a defendant must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Commonwealth v. Reed***, 42 A.3d 314, 319 (Pa. Super. 2012), *appeal denied*, 42 A.3d 314 (Pa. 2015) (citation omitted). A claim of ineffective assistance of counsel will fail if the petitioner does not meet any of the three prongs. ***Commonwealth v. Simpson***, 66 A.3d 253, 260 (Pa. 2013). "The burden of proving ineffectiveness rests with Appellant." ***Commonwealth v. Rega***, 933 A.2d 997, 1018 (Pa. 2007).

During PCRA proceedings, the judge must "promptly review [a PCRA] petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s)." Pa.R.Crim.P. 907(1). "When a petition for post-conviction collateral relief is defective **as originally filed**, the judge shall **order amendment of the petition, indicate the nature of the defects**, and specify the time within which an

amended petition shall be filed." Pa.R.Crim.P. 905(B) (emphasis added). The purpose of this rule is "to provide PCRA petitioners with a legitimate opportunity to present their claims to the PCRA court in a manner sufficient to avoid dismissal due to a correctable defect in claim pleading or presentation." ***Commonwealth v. McGill***, 832 A.2d 1014, 1024 (Pa. 2003).

Furthermore, the judge shall hold an evidentiary hearing "when the [PCRA] petition or the Commonwealth's answer, if any, raises material issues of fact." Pa.R.Crim.P. 908(a)(2). If, however,

> the judge is satisfied . . . that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition **and shall state in the notice the reasons for the dismissal**. The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

Pa.R.Crim.P. 907(1) (emphasis added). The clear intent of this rule is to provide petitioners with the opportunity to point out why their petitions state valid grounds for relief or to seek leave to correct technical defects in their petitions.

In Pennsylvania, every criminal defendant has a constitutional right to file a direct appeal. Pa. Const., Art. V, § 9. While the defendant may "relinquish his appellate rights, this can only be accomplished through a

knowing, voluntary and intelligent waiver." ***Commonwealth v. Lantzy***, 736 A.2d 564, 572 (Pa. 1999). An attorney's failure to file an appeal despite his client's request constitutes ineffectiveness *per se*. ***Id.*** at 571.

Appellant argues in this appeal that trial counsel was ineffective for ignoring his request to file a direct appeal. The PCRA court rejected Appellant's argument on the ground that Appellant's certifications merely state that he asked his attorney to file post-sentence motions, but not an appeal. PCRA Ct. Op., 3/1/16, at 4-5.

We hold that the PCRA court failed to give Appellant adequate notice of its concern with his certifications. There were obvious discrepancies between Appellant's original and amended PCRA petitions, which stated that Appellant asked his attorney to file an appeal, and his two certifications, which did not. Indeed, in his amended PCRA petition, Appellant stated that he checked the box marked "Filing of Post[-]Sentence Motions" in his certifications because he did not understand the difference between post-sentence motions and a direct appeal. The PCRA court should have notified Appellant about these discrepancies either when it reviewed Appellant's original PCRA petition, Pa.R.Crim.P. 905(B), or when it issued its notice of intent to dismiss the amended PCRA petition without a hearing. Pa.R.Crim.P. 907(1). The court, however, did not order Appellant to correct these discrepancies when it reviewed Appellant's original petition. Moreover, in its Rule 907 notice, the court failed to mention the defect in Appellant's

certifications, stating only that "the issues raised in the [amended PCRA] petition are without merit."

We conclude that the PCRA court's failure to provide adequate notice under Rules 905(B) or 907(1) prejudiced Appellant. If Appellant's trial counsel actually failed to file a direct appeal despite Appellant's request,[8] Appellant has a meritorious claim for relief under the PCRA. **See Lantzy**, 736 A.2d at 571. Proper notice by the court would have given Appellant the opportunity to correct the foregoing discrepancies and might well have entitled him to an evidentiary hearing on his claim of ineffective assistance. Moreover, had the PCRA court found that counsel was ineffective for failing to file a direct appeal, it would have reinstated Appellant's direct appeal rights, which in turn would have enabled Appellant to seek a new sentencing hearing under **Alleyne** and its progeny.[9]

---

[8] We express no view on the veracity of Appellant's claims that he requested trial counsel to file a direct appeal.

[9] In **Alleyne**, a decision issued four years after Appellant's judgment of sentence, the United States Supreme Court held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury and proved beyond a reasonable doubt. **Id.,** 133 S.Ct. at 2160. Pursuant to **Alleyne**, this Court has held that 18 Pa.C.S. § 7508—the statute that the trial court presumably invoked when sentencing Appellant—is unconstitutional. **Commonwealth v. Fennell**, 105 A.3d 13, 16-20 (Pa. Super. 2014), *appeal denied*, 121 A.3d 494 (Pa. 2015). Retroactive relief under **Alleyne** is not available to PCRA petitioners. **See Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016) ("**Alleyne** does not apply retroactively to cases pending on collateral review"). Relief under **Alleyne** is available, however, in cases on direct appeal. **See Commonwealth v. Barnes**, -- A.3d --,

Accordingly, we vacate the PCRA court's order, remand this case, and grant Appellant leave to file a certification within thirty days of the date of this memorandum relating to whether, prior to expiration of the direct appeal period, he requested trial counsel to file a direct appeal. The PCRA court shall (1) review this certification in conjunction with the record, (2) hold an evidentiary hearing if necessary under Pa.R.Crim.P. 908, and (3) take all further appropriate steps required under the Rules of Criminal Procedure.

Order vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/28/2017

---

2016 WL 7449232, *5 (Pa., Dec. 28, 2016). Therefore, Appellant's right to seek relief under **Alleyne** rises or falls on whether he is entitled to reinstatement of his direct appeal rights.